UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>**John R. Bellhouse,**<br><br>Defendant. | Case No. 22-CR-66 YGR<br><br>**PRETRIAL ORDER RE: TRIAL CONFERENCE** |

Having considered the filings to date and the regularly scheduled conferences, and for good cause shown, the Court enters the following orders:

1. **Trial Date and Schedule:** The trial of this matter is set for **Friday, May 26, 2023,** for jury selection and continuing each day until complete. Opening statements and evidence shall begin **Tuesday, May 30, 2023.** Trial days shall begin with the parties and attorneys at 8:00 a.m. Counsel shall arrive in court early enough to proceed promptly. Trial proceedings with the jury shall proceed generally on Monday through Friday, from 8:30 a.m. to 1:40 p.m. with two twenty-minute breaks. On **Thursday, June 1, 2023**, however, trial will begin at 11:00 a.m. to 4:10 p.m. with twenty-minute breaks at 12:30 p.m. and 2:20 p.m., and on **Friday, June 2, 2023,** trial will begin at 12:00 p.m. to 4:30 p.m. with twenty-minute breaks at 1:30 p.m. and 3:20 p.m. The Court will be dark on **June 7–9, 2023.** Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

2. **Standard Motions *in Limine*:** The Court hereby orders that witnesses shall be excluded until

testimony is completed except for the defendant and two government agent-representatives. A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

3. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

4. **Procedural Stipulations**: Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by **Wednesday, May 24, 2023**.

5. **Witnesses:** The government has filed its list of all potential witnesses and is limited to that list without permission from the Court. The parties were ordered to provide the Court with an alphabetical list of all potential witnesses, attorneys, trial team members, including any person who may appear in Court so that the Court can determine whether any prospective juror knows such person.

6. **Exhibits and Exhibit Lists:** The government has filed its list of all potential exhibits and is limited to that list without permission from the Court.

7. If appropriate, the jury will be allowed to use a secured laptop computer to review evidence admitted during trial. Counsel should review the Court's information in this regard found at: http://cand.uscourts.gov/jurypc.

8. The superseding indictment identifies "Victim 1," "Victim 2," and "Victim 3." Other potential witnesses have been described as "A.H.R.," "T.J.," "L.O.," "M.R.," "C.S.," "J.S.," "A.V.," "S.Y." To ensure the privacy of all witnesses, including to ensure there is no retribution, they will only be identified during public proceedings as "Ms. [First name]." As discussed, the Court will swear in all witnesses with their full names during a sealed proceeding at 8:00 a.m. on the day that witness is expected to testify. These witnesses will then be sworn in again as "Ms. [First name]" before the jury. To the extent any exhibits will include the full name of a witness, last names may be redacted.

9. Attached hereto as Exhibit B is a form to be completed by the attorneys for each side at the

end of the trial and before the delivery of exhibits to jurors.

10. **Jurors and Peremptory Challenges:** The Court will seat a total of twelve (12) jurors and four (4) alternates. Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory challenges. Accordingly, peremptory challenges shall be exercised in the following sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated two (2) additional peremptory challenges for the four alternate jurors empaneled. The additional peremptory challenges may be used against an alternate juror only. The initial set of peremptory challenges may not be used for the alternate jurors. *Batson* motions must be made in a timely fashion, that is, before the juror in question is excused. Argument on the same shall be made outside the presence of the jury panel.

Given current COVID-19 protocols, all potential jurors are sent a Survey Monkey questionnaire to obtain basic information before jury selection. The answers to those questions shall be provided to counsel in advance of jury selection. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type

3

of ex parte communication prohibited by Model Rule 3.5(b)." Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror. Counsel shall be provided twenty (20) minutes to conduct additional *voir dire* beyond that of the survey and the Court's follow up.

Jurors are shown two videos prior to arrival in the courtroom: one on the process generally and the other on unconscious bias. These are available for the parties' review on the Court's website: https://cand.uscourts.gov/jury/.

11. **Jury Instructions:** The parties have filed joint jury instructions and verdict form to which there are no objections. The Court's practice is not to admit the Indictment as such document is not evidence. Accordingly, the instructions shall be revised to provide the necessary contents from the Indictment.

12. **Grand Jury Transcripts**: In a previous order, the Court authorized the disclosure of all grand jury material pursuant to Fed. R. Crim. P. 6(e)(3)(E). Those transcripts have been disclosed.

13. **Exculpatory Evidence**: The Court acknowledges that the government has represented that it has produced all known and available exculpatory or other evidence favorable to the defendant and that it will continue to produce any additional materials if it becomes available.

14. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so. Defense counsel may reserve a conference room in the attorneys lounge for the period of the trial. However, they are only available on a first-come, first-serve basis. Further, parties must provide the Court with a form of order for any equipment or supplies requested to be brought into the courthouse.

15. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting

evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

16. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

17. **Requests for Transcripts:** The Court understands the government is requesting daily transcripts.

18. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

    During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

19. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

    IT IS SO ORDERED.

Dated: May 23, 2023

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE