UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **JOHN R. BELLHOUSE**, <br> Defendant. | Case No. 22-CR-66 YGR <br><br> **TRIAL ORDER NO. 2 RE: DEFENDANT'S MOTION IN LIMINE NO. 2 AND ITS SUPPLEMENT** <br><br> Dkt. Nos. 82 and 125 |

Pending before the Court is defendant's timely-filed Motion *in Limine* ("MIL") No. 2, which seeks an order to "elicit on cross examination that (1) in 2012, a judicial officer made an adverse credibility finding against [Ana] with respect to matters related to her federal felony sentencing and (2) witness [Genesis] previously lied to federal agents in the post-arrest interview of her underlying federal felony conviction." (Dkt. No. 82 at 2; *see also*, Dkt. No. 102, the proposed form of order.) The Court noted on May 26, 2023, that it was prepared to issue a ruling on this motion with the other MILs that same day. However, on Thursday, May 25, 2023, at 11:25 p.m. before jury selection the next morning, defense counsel filed an *untimely* purported "Supplemental Memorandum." (Dkt. No. 125.) The government requested additional time to respond, which it was afforded. Given opening statements are scheduled for Tuesday, May 30, 2023, after the Memorial Day weekend, the government filed a response on Saturday, May 27, 2023. This order is also issued over the weekend.

Upon review, that "supplemental memorandum" seeks additional affirmative relief not within the scope of defendant's MIL No. 2. All additional requests in the supplement will be referenced as defendant's de facto MIL No. 3. With respect to the de facto MIL No. 3, the Court finds it not only to be only untimely, a basis for denial in and of itself, but without legal justification and a strain on counsel's professional obligations.

Based on the parties' submissions and argument heard on May 12, 2023, and May 26, 2023, the Court **GRANTS IN PART** defendant's MIL No. 2 and **DENIES** de facto MIL No. 3.

## I.   MOTION *IN LIMINE* NO. 2

First, the government argues that the eleven-year-old credibility determination by a district court judge against Victim 1 (Ana) is hearsay and, therefore, inadmissible.[1] The Court agrees. The point is not genuinely debatable.  That the person who made the credibility determination is a judge does not change the result.  Basic rules of evidence prohibit out of court statements to be introduced for the truth of the matter.  Defendant provides no authority for the proposition that a judge's role in making the determination is an exception to the rule. The motion in that regard is denied.

Second, the government does not object to defendant eliciting testimony from Victim 2 (Genesis) with respect to her lying to federal agents.[2] Further, the government is silent on the request to admit evidence to the fact that Victim 1 (Ana) initially did not tell the FBI about defendant allegedly assaulting her and receiving a U-visa in return for her cooperation. The Court finds that these victim statements, along with Victim 1 receiving favorable treatment for cooperating, are proper areas of inquiry and therefore admissible. The motion is this regard is granted.[3]

## II.   DE FACTO MOTION *IN LIMINE* NO. 3

In its purported "supplement," defendant requests an order authorizing additional impeachment evidence related to Victims 1 (Ana), 2 (Genesis), and Lianna. Specifically,

---

[1] Victim 1 (Ana) was sentenced to 168 months with intent to distribute methamphetamine on July 12, 2012. In that case, the district court said that it did not find Victim 1 credible.

[2] More specifically, Victim 1 (Ana) initially denied sexual abuse by defendant. The FBI then promised Victim 1 that they would speak to prosecutors about her immigration concerns. The government later presented Victim 1 with an immunity agreement. Victim 1 also received a U-Visa certification from the United States Attorney's Office.

[3] In his MIL No. 2, defendant also mentioned that Victim 2 was found with a hypodermic needle and pipe in her possession. At the May 12, 2023, hearing, defendant withdrew the request to elicit testimony about the drug paraphernalia found in Victim 2's possession. As to that evidence, defendant's MIL No. 2 is deemed withdrawn.

defendant seeks to elicit testimony that:

- **Victim 1:** During that meth trafficking incident of which she was convicted, Ana was traveling with her three young children and hid the drugs in their diaper bag. Ana admitted she was in financial straits and needed the money from the drug sale. In her sentencing, Ana received an enhancement for using her minor children and their diaper bag to hide the drugs and avoid detection

- **Victim 2:** On December 2019, Victim 2 was sentenced to 24 months imprisonment for importation of methamphetamine. With respect to that conviction, Victim 2 entered the United States with 27 kilograms of methamphetamine hidden in her car. She had her six-year-old child as a passenger to avoid detection. Victim 2 lied to federal agents about her knowledge of the drugs after she was arrested. While on probation, Genesis also lied to federal agents about who the ownership of a cellphone found in her possession

- **Lianna:** Lianna was convicted of conspiracy to commit healthcare fraud and conspiracy to possess at least five identification documents and authentication features with intent to use. With respect to that conviction, Lianna lied to agents after she was arrested about the parameters of the fraudulent scheme and her role it. She was also caught on camera burning documentation outside of her fraudulent clinic. Finally, Liana was caught lying about a medical condition during sentencing to get a continuance

Defendant argues that all of this should be admitted on cross-examination under Fed. R. of Evid. 608(b) because it is probative of the witnesses' character for truthfulness.

The government's principal argument is grounded in the proper legal framework for evaluating defendant's de facto motion. In particular, the government argues that Rule 609, not Rule 608, governs, citing to the Ninth Circuit's opinion in *U.S. v. Osazuwa*, 564 F.3d 1169, 1170 (9th Cir. 2009). While the government concedes that the three witnesses' felony convictions are fair game, the underlying details and circumstances of those convictions are not. The Court agrees. Moreover, the defense provides no justification for offering such a strained argument in

3

light of the explicit rule to the contrary.

In *U.S. v. Osazuwa*, a defendant previously convicted of bank fraud was charged with assaulting a corrections officer. The officer and defendant offered two very different stories about what happened. *Id.* at 1171. During his trial, the government attempted to impeach the defendant by eliciting the underlying details of defendant's previous conviction for bank fraud. *Id.* at 1171–72. Over an objection, the district court held that the government could elicit these details on cross-examination under Rule 609 because defendant had opened the door to them by minimizing the seriousness of his bank fraud conviction. *Id.* The district court there also ruled that the underlying details of a prior conviction were admissible under Rule 608. The Ninth Circuit reversed. *Id.* at 1170. First, it held that Rule 608 "applies only to specific instances of conduct that were *not* the basis of a criminal conviction." *Id.* at 1173. Further, under Rule 609, the Ninth Circuit noted that the "scope of inquiry into prior convictions is limited. Absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. Generally, only the prior conviction, its general nature, and punishment" can be used. *Id.* at 1175 (cleaned up). Given that, the Ninth Circuit held that the government's cross-examination about the details of defendant's underlying conviction was so prejudicial a retrial was required. *Id.* at 1177. This was especially true because "[c]redibility in th[at] case was critical." *Id.*

*Osazuwa* controls here. Just as there, this is a case, all parties agree, where credibility is crucial. The use of underlying details in a previous conviction must be analyzed under Rule 609, not 608. The defense ignores this obvious point. Further, he remains silent on the explicit limitation of the scope of can be used during cross-examination of witnesses under Rule 609. While a defendant can impeach witnesses with their previous felony convictions, he cannot do so with the underlying facts of those convictions. The Court finds concerning defense counsel's utter failure to address controlling authority in this regard, an implicit invitation to invite legal error.

For those reasons, the Court **DENIES** defendant's de facto MIL No. 3.

This terminates Dkt. Nos. 82 and 125.

**IT IS SO ORDERED.**

4

Dated: May 28, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**