UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br>  v.<br>**JOHN RUSSELL BELLHOUSE,**<br>    Defendant. | Case No. 4:22-cr-66-YGR<br><br>**ORDER DENYING DEFENDANT'S RULE 29(C) MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT FOUR;**<br><br>**ORDER TO SHOW CAUSE WHY DEFENSE COUNSEL SHOULD NOT BE SANCTIONED.**<br><br>Re: Dkt. No. 163, 167 |

On June 5, 2023, defendant John Russell Bellhouse was convicted by the jury of two counts of sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) and three counts of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(4).

Relevant here, under Count Four, Mr. Bellhouse, the Safety and Recycling Supervisor at the Federal Correctional Institute, Dublin, was charged with touching the buttocks of an inmate named Genesis in violation of 18 U.S.C. § 2244(a)(4). The defense now urges the Court to set aside that verdict under Fed. R. Crim. P. 29(c), arguing that no reasonable juror could have convicted Mr. Bellhouse of touching Genesis's buttocks because the evidence presented at trial was insufficient.

For reasons set forth below, the Court **DENIES** the motion for judgment of acquittal on Count Four and **ORDERS** the defense **TO SHOW CAUSE** for why counsel should not be sanctioned for its repeated misrepresentation of Ninth Circuit caselaw.

\* \* \*

Federal Rule of Criminal Procedure 29 requires the Court to set aside a guilty verdict, and enter a judgment of acquittal, on "any offense for which the evidence is insufficient to sustain a conviction." The Ninth Circuit has held that review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979). *United*

*States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). "*Jackson* establishes a two-step inquiry for considering a challenge to a conviction based on sufficiency of the evidence." *Nevils*, 598 F.3d at 1164. "First, a reviewing court must consider the evidence in the light most favorable to the prosecution." *Id.* A court cannot "usurp" the jury's role by "considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *Id.* (internal citation omitted). "Rather, when faced with a record of historical facts that supports conflicting inferences, a reviewing court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* (internal citation and quotations omitted). Second, viewing the evidence "in the light most favorable to the prosecution," the reviewing court must determine whether "*any* rational trier of fact [could have found] the essential elements of the crime beyond a reasonable doubt." *Id.* (internal citation and quotations omitted).

In establishing this two-step approach, the Ninth Circuit, sitting en banc, explicitly overruled previous precedent where it had held that a reviewing court "must consider whether the evidence at trial was susceptible to an innocent interpretation." *Id.* at 1166. Indeed, the Ninth Circuit emphasized that "a reviewing court *may not ask* whether a finder of fact could have construed the evidence produced at trial to support acquittal." *Id.* at 1164 (emphasis supplied).

Looking at the evidence in the light most favorable to the government, the Court finds that the government carried its burden to prove beyond a reasonable doubt that Mr. Bellhouse touched Genesis's buttocks. Both Genesis and a corroborating witness presented testimony that Mr. Bellhouse had done so. Genesis testified, several times, that Mr. Bellhouse had "touched [her] in [her] lower back towards [her] butt." Tr. 487: 1–5. When asked whether Mr. Bellhouse had touched Genesis's buttocks, the corroborating witness stated: "Not her butt. It was her lower back, upper part of her butt, but actually her butt now." Tr. 611: 22–24.

The defense notes that some of the evidence was conflicting about where, exactly, Mr. Bellhouse touched Genesis. For example, on cross-examination, Genesis initially stated that she had told the grand jury that Mr. Bellhouse touched her lower back. Tr. 520: 4–14. On redirect, however, Genesis clarified that she had also told the grand jury Mr. Bellhouse had touched her

2

buttocks. Tr. 529:25–530:7. As stated above, the corroborating witness's testimony was somewhat conflicting about whether Mr. Bellhouse touched Genesis's lower back or buttocks. During deliberations, the jury asked for clarification as to Count Four, asking whether it could consider other alleged but uncharged acts of abuse Mr. Bellhouse committed toward Genesis in determining whether he was guilty of Count Four. (Dkt. No. 145.) The jury's interpretation of the evidence controls. There is no legal basis to overturn that finding.

The defense's motion was initially brought specifically upon the authority of *United States v. Delgado*, 357 F.3d 1061 (9th Cir. 2004), wherein it argued that "the law is clear when the evidence supports an inference of innocence and guilt, a reasonable jury must necessarily entertain reasonable doubt." Citing to *Delgado*, the defense urged that "[w]hen evidence is subject to two reasonable interpretations, one pointing to innocence, and the other to guilt, a reasonable jury must find for innocence."

This is not what the law states, which the defense acknowledges in its reply brief: "the government correctly argues that defense reliance on *United States v. Delgado* . . . was misplaced. The defense acknowledges this error of application." Notwithstanding the belated acknowledgment, the defense persisted. First, the motion was based upon a misrepresented reading of *Delgado* which does not stand for the expansive proposition advocated. All the Ninth Circuit stated there was that, when there is conflicting evidence, "the government must produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the latter explanation is the correct one." *Delgado*, 357 F.3d at 1068. Next, in case there was any doubt, post-*Nevils* the Ninth Circuit clarified that *Delgado* is no longer good law. *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015). Finally, as the Ninth Circuit clarified in *Nevils*, the Court cannot usurp the jury's role as trier of fact by questioning whether the jury could have construed the somewhat conflicting evidence presented here to support acquittal, as the defense urges. Instead, the Court must assume that the jury resolved the conflicts of fact "in favor of the prosecution, and must defer to that resolution." *Nevils*, 598 F.3d at 1164 (internal citation and quotations omitted). Viewing the evidence in the light most favorable to the government, the Court finds that a rational juror could have found that Mr. Bellhouse touched Genesis's buttocks

3

beyond a reasonable doubt.[1]

This is not the first time that the defense ignored an explicit finding from the Ninth Circuit stating the *opposite* of what the defense urged is "clear" law. (Dkt. No. 129, Trial Order No. 2, stating that defense's motion was "without legal justification and a strain on counsel's professional obligations.") Given that the defense has now repeatedly misrepresented the state of the law, the Court issues an Order to Show Cause why sanctions in the amount of $200 should not be imposed for failure to comply with counsel's professional obligations under Fed. R. of Civ. P. 11(b)(2). By no later than **Monday, September 11, 2023,** the attorney who wrote the brief(s) shall submit a written response to this Order to Show Cause explaining why they should not be sanctioned for the failure to comply with that rule.

For those reasons, the defendant's Motion for a Judgment of Acquittal is **DENIED**. The hearing set for **Thursday, September 7, 2023**, is **VACATED**. A hearing on the Order to Show Cause is scheduled for **Thursday, September 14, 2023, at 2:00 p.m.** in Courtroom 10 of the United States District Court, San Francisco, California. The personal appearance of the attorney who wrote the brief is required. The personal appearance of the defendant is waived. The defendant may appear by Zoom if he would like.

This order terminates Dkt. No. 163. The request at Dkt. No. 167 is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: September 5, 2023

                                              **YVONNE GONZALEZ ROGERS**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The defense points to an out-of-circuit opinion that it says supports the opposite conclusion. To start, that case is not binding on the Court. Further, the evidence presented in that case was nothing like that presented here. In *United States v. Reddest*, where the defendant was charged with penetration of a genital opening by hand or finger, the victim only testified that the assailant had "just touched the outside of [her] vagina." 512 F.3d 1082, 1090 (8th Cir. 2008). Here, the government proffered much more.